## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

                Plaintiff

vs.

DISCOUNT POWER, INC.

                Defendant.

Case No.

COMPLAINT-CLASS ACTION

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Stewart Abramson ("Plaintiff") brings this action under the TCPA alleging Discount Power, Inc., sent him pre-recorded telemarketing calls for purposes of promoting their goods and services without his prior express written consent.

3.     Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

<u>Parties</u>

5.     Plaintiff Stewart Abramson is a Pennsylvania resident.

6.     Defendant Discount Power, Inc. is a corporation with its principal place of business in Shelton, CT, in this District.

<u>Jurisdiction & Venue</u>

7.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.     The Defendant is subject to personal jurisdiction in this District as it is headquartered in this District.

9.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent from this District.

<u>The Telephone Consumer Protection Act</u>

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

11.     The TCPA makes it unlawful to make any telemarketing call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to a residential telephone line.  *See* 47 U.S.C. § 227(b)(1)(B).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

15.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## **Factual Allegations**

16.     Discount Power provides energy services to consumers.

17.     Discount Power uses telemarketing to promote its products and solicit new clients.

18.     These telemarketing efforts include the use of automated calls to send prerecorded messages.

19.     The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

20.     On August 24, 2021, Mr. Abramson received a prerecorded telemarketing call on his residential telephone number (412) 661-XXXX.

21.     This number is utilized for personal use.

22.     This number is not associated with a business or used for business purposes.

23.     The call began with the pre-recorded message:

Dear Valued Customer. If you haven't missed any payment in your electric bill you're eligible to receive fifty dollars and a gift card. Please press one now to redeem your reward

24.     Mr. Abramson had received at least three prior calls with the same pre-recorded message not identifying the calls.

25.     He pressed one on his telephone in response to the pre-recorded message so that he could properly identify the calling party.

26.     The agent informed Plaintiff that his company was Discount Power, and that his company could provide Plaintiff with a better price for his electricity than Plaintiff was currently paying.

27.     The agent provided a number for his company as Discount Power at (877) 259-7693.

28.     To verify the identity of the calling party, Plaintiff agreed to participate in a recorded verification process.

29.     The recorded verification process informed Plaintiff that it was being conducted by "Trusted TPV" on behalf of Discount Power.

30.     At the end of the recorded verification process Plaintiff received a "verification number" related to the call.

31.     Discount Power has also received complaints about similar telemarketing conduct, as recently as this year.

32.     Indeed, the Better Business Bureau has received the following complaints:

04/22/2021

Are you sick of all those telemarketing calls in which a robo-dialer calls with a lie "this is an apology call" saying that they are calling from your energy provider and then connects you to a call center in India? Even if you've been on the do not call list for years and have been called HUNDREDS of times about it? DISCOUNT POWER ARE THE ONES DOING IT. This is illegal as well as unethical. I'm on the do not CALL list, so the call is illegal right there. The caller ID had a fake number when they called, which is even more blatantly illegal, and not something that could ever happen by chance. And the operator who eventuially (stupidly) told me she worked on behalf of Discount Power lied about working with my existing power provider. Also criminal. Three strikes and yet they get an A+ rating by the BBB? Blatant criminal activity and BBB gives them a thumbs up? THIS IS A BLATANTLY CRIMINAL ORGANIZATION. I guess that means a BBB rating means NOTHING AT ALL. .......................................... Note: I have received the same call with the same script dozens and dozens of times, aways from a spoofed number. Every other time, the operator hung up when I pressed them to identify the company they were calling on behalf of. Because they all knew it was illegal. Now I know it's been DISCOUNT POWER all along…

04/29/2020
Never ending harassment. I'll be filing a law suit of harassment against these [Con] artists…

09/04/2019

Robo calls 10x per week offering a 30% discount on my ********** bill. When you ask "Do you work for *********?" they are dishonest. "We are the state licensed energy provider." is a scripted, practiced, intentional lie. Dig deep. Ask "What is the name of your company?" Then ask them about their $200 cancellation fee. Then go to the trouble of reporting then to Consumer Affairs.

*See* https://www.bbb.org/us/ct/shelton/profile/electric-companies/discount-power-inc-0111-87073684/customer-reviews (Last Visited September 14, 2021).

33.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

34.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

35.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

36.     The proposed class is tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

37.     The Plaintiff is a member of the class.

38.     Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

40.     Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

41.     There are questions of law and fact common to Plaintiff and the proposed class, including:

      a.     Whether the Defendant used pre-recorded message to send telemarketing calls;

      b.     Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

      c.     Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions; and

      d.     Whether the Defendant's TCPA violations were negligent, willful, or knowing,

42.     Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

43.     Plaintiff is an adequate representative of the class because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

44.     The Defendant's actions are applicable to the class and to Plaintiff.

45.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

46.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case and given the small recoveries available through individual actions.

### Legal Claims

**Count One:**
**Violation of the TCPA, 47 U.S.C. § 227(b)**

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making pre-recorded calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

49.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

51.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to any residential telephone numbers using an artificial or prerecorded voice in the future.

## Relief Sought

Plaintiff requests the following relief:

A.      That the Court certify the proposed class;

B.      That the Court appoint Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the class;

F.      That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

By: _/s/ Anthony I. Paronich_
        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com